IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DARIUS KIMBROUGH**

    **Plaintiff,**

V.                                                  **Civil Action No.: CCB-17-3477**

**CITY OF BALTIMORE, et al.**

    **Defendants.**

_____/

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES the Plaintiff, through undersigned counsel, and files this RESPONSE TO ORDER TO SHOW CAUSE and says:

1. On April 4, 2021, this court entered an Order directing Plaintiff to show cause why this complaint should not be dismissed pursuant to Fed. R. Civ. P. 25(a) for failure to move to substitute a party following the death of Mr. Kimbrough.

2. This court should not dismiss the case at bar for the following reasons:

    A. The Suggestion of Death was never personally served on the proper party to be substituted; therefore, the 90 period for described in F.R.C.P. 25(a) for filing a Motion to Substitute Party has never started to run. ECF 63.

    B. Even if the court were to determine that the 90-day period had started and had expired, the court should not dismiss this matter because the failure to file a

Motion to Substitute Party was the result of excusable neglect within the meaning of the jurisprudence of this circuit.

## FACTS

3. On January 21, 2021, counsel for Defendants filed a document titled, "Suggestion of Death. ECF 63.

4. The case docket reveals that this document was never personally served on anyone.

5. The document says that Defendants' counsel, "is not aware of the designation of any personal representative of Mr. Kimbrough." Accordingly, there is no suggestion in the record that counsel made any attempt to locate and serve any person or entity.

6. Undersigned counsel was formerly a member of the Excolo Law firm, which filed the case on behalf of the Plaintiff. Counsel was designated by the firm as attorney of record for Plaintiff in this matter, however, Mr. Altman was never actively involved in the case.

7. When this case was filed, Solomon Radner, Esq., was the lead attorney for Excolo Law on this matter. Mr. Radner was also counsel of record with the court.

8. Mr. Radner left Excolo Law sometime in November of 2020, at which time his motion to withdraw as counsel was granted by the court. Mr. Radner agreed informally to help with the transition of this file, but the file remained with Excolo Law.

9. In February of 2021, Mr. Altman also left the employ of Excolo Law. He retained an "Of Counsel" relationship with the firm. In Feb 2021, when he left, by agreement with Excolo Law, Mr. Altman remained counsel of record for Plaintiff.

10. During the transition, Mr. Altman did not copy the last few items delivered by the ECF system into his law office computer files. Due to the slight confusion over which

lawyer had the primary responsible for monitoring ECF filings, Mr. Altman never took notice of the Suggestion of Death as to the plaintiff, Darius Kimbrough when it was filed. (ECF 63).

11. On or about April 22, 2021, the Order To Show Cause was digitally delivered to KA, at which time he became aware of the filing of the Suggestion of Death for the first time.

12. Due to these highly unusual circumstances, undersigned counsel "didn't know what he didn't know". In other words, he was unaware of the filing of ECF 63 by this court's ECF system. As a result, he was unaware that Plaintiff had died and unaware that Defendants had filed a Suggestion of Death.

13. Since only Mr. Radner, and not Mr. Altman, had ever previously communicated directly with the Plaintiff or his family, presumably the family members did not think to notify Mr. Altman of the decedent's demise.

14. Since receiving the court's order, undersigned counsel has been endeavoring to contact the decedent's family but has so far been unsuccessful. Counsel has undertaken efforts to contact the decedent's mother, as counsel does not believe that the family has started formal probate proceedings.

## MEMORANDUM

**A. Where the Suggestion of Death was not personally served, the 90-day window in Federal Rule of Civil Procedure 25(a)(1) was never triggered.**

1. "[T]he purpose of Rule 25(a)(1) is to protect the estate of the decedent." *In re Baycol Products Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (quoting *Sinito v. U.S. Dep't of Justice,* 176 F.3d 512, 516, 336 U.S. App. D.C. 86 (D.C. Cir. 1999)). Dismissing this

case based on Rule 25(a)(1) would deprive the estate of the opportunity to be heard on the merits of the claim asserted herein and the potential value of said claims.

2. It is settled law in this circuit that F.R.C.P. 25(a) requires personal service of the suggestion of death on a deceased party's successor or representative. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985).

3. In the controlling case governing application of FRCP 25(a)(1) to cases wherein a Suggestion of Death has been served, the Fourth Circuit directed that, when there has been no formal determination of the appropriate legal successor in interest to a decedent, the serving party generally must "determine whom to serve," "rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." *Fariss*, 769 F.2d at 961.

4. Since the requirement of filing a Motion to Substitute Parties within 90 days is triggered only if a Suggestion of Death is personally served on a decedent's successor, then notice to counsel in not enough. *Fariss*, 769 F.2d at 962. See also *Williams v. Bd. of Educ.*, 2020 U.S. Dist. LEXIS 103263, (District of Maryland, June 11, 2020.)

5. "Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement." Id. "Federal courts apply this requirement to cases where, as may be the case here, [a family member] of the deceased party [may] serve[] as the personal representative and knows of the party's death." *State Farm Life Ins. Co. v. Eckert*, 2019 U.S. Dist. LEXIS 146152, (District of Maryland, August 28, 2019,) citing *Fariss*, 769 F.2d at 961, and *Kessler v. Southeast Permanente Med. Group, P.A.*, 165 F.R.D. 54, 56-57 (E.D.N.C. 1995).

6. District courts in the Fourth Circuit have generally held that motions to substitute under Rule 25 of the Federal Rules of Civil Procedure should be freely granted as long as circumstances have not arisen rendering it unfair to allow for the substitution. See generally *Wilcox v. Ozmint*, 2012 U.S. Dist. LEXIS 68598, 2012 WL 1416520, at *2 (D.S.C. April 3, 2012). ("Because the 90-day window has not been triggered, denoting that the time limit for substitution has not passed, the court finds that there are no circumstances rendering it unfair to decedent, his estate, or anyone else to permit the substitution of his mother or other suitable family member as the party Plaintiff in this matter.") Id.

7. Plaintiff respectfully suggests that the complaint should not be dismissed pursuant to Fed. R. Civ. P. 25(a) for failure to move to substitute a party within 90 days of the filing of a suggestion of the death of Mr. Kimbrough, because counsel for Defendant's never served the Suggestion of Death on any appropriate party, nor does the record show that they took any steps to identify any such parties.

**B. Any Neglect In Moving To Substitute A Party Within 90 Days of Plaintiff's Death Was Excusable.**

8. As set out above, the running of the ninety-day period in Federal Rule of Civil Procedure 25(a)(1) commences when the suggesting party personally serves the suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir. 1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.")

9. Undersigned counsel respectfully suggests that the time period set out in FRCP 25(a) should be viewed in light of Federal Rule of Civil Procedure 6(b)(1)(B), which

provides in relevant part that: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

10. The Supreme Court provided guidance as to the meaning of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Court determined that the phrase "excusable neglect" may extend to inadvertent delays. Id. at 392. ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of [a party]." Id.

11. The Supreme Court has directed lower courts to take into account all relevant circumstances when determining whether neglect is "excusable." The principle circumstances to be considered are: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (citing Pioneer, 507 U.S. at 395.)

12. Plaintiff respectfully suggests that counsel's failure to move for substitution of the Plaintiff is excusable within the meaning of this controlling definition.

    (a) Nothing in the record would suggest that there is any danger of prejudice to the non-movant. Furthermore, Defendants can hardly claim prejudice where they failed to personally serve the Suggestion of Death on anyone and where the record contains no evidence that they took any action whatsoever to determine whom to serve, as circuit precedent suggests was their duty. Instead, this court

could conclude that they intended "the absence of notice to decedent's representative to lead to forfeiture of the action." This factor should be considered to militate in favor of granting the Motion To Extend Time.

(b) The length of the delay has been relatively brief and has little potential to impact this or any proceeding. Plaintiff has filed a Motion to Extend the Period In Which To Substitute Parties contemporaneous with the filing of this Response. Even if Defendants had served the Suggestion of Death as was required, then in that event the time period set out in FRCP 25(a) would have expired on or about April 22, 2021, less than thirty days before the Motion To Extend Time was filed. This time period is not an excessive delay. *Stanley v. United States*, 2016 U.S. Dist. LEXIS 19208, South Carolina District Court, February 17, 2016.) Furthermore, there is nothing in the procedural posture of this case that would suggest that the delay had or will negatively impact this proceeding. This factor should be considered to militate in favor of granting the Motion To Extend Time.

(c) The reason for the delay was that: i) the time period for filing a Motion To Substitute Parties has not been triggered; and, ii) Plaintiff's counsel, in part due to his own acts or omissions, was not notified of the filing of the Suggestion of Death. The lack of notice was arguably within the reasonable control of Plaintiff's counsel, however, even had he been notified, the time period for substitution was never triggered and the delay is not excessive. This factor should be considered to militate in favor of granting the Motion to Extend Time.

(d) There is no suggestion in the record the movant did not act in good faith. Therefore, this factor should be considered to militate in favor of granting the Motion to Extend Time.

WHEREFORE, Plaintiff respectfully asks this court to determine that Plaintiff has fulfilled the court's direction to show cause why this court should not dismiss the case.

FURTHER, Plaintiff asks the court to make a finding that the failure of the Defendant to personally serve anyone with the Suggestion of Death filed on January 21, 2021 renders that filing a nullity and that such filing did not trigger the 90-day time limitation set out in FRCP 25(a).

FURTHER, Defendant ask this court to grant his Motion to Extend the Period in Which to Substitute Parties, filed contemporaneously herewith.

Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN

By: */s/ Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2021, I served the foregoing document on Defendants *via* electronic filing:

/s/ *Keith L. Altman*
Keith L. Altman
A*ttorney for Plaintiff*