## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DARIUS KIMBROUGH**

    **Plaintiff,**

**V.**                                        **Civil Action No.: CCB-17-3477**

**CITY OF BALTIMORE, et al.**

    **Defendants.**

_____/

## MOTION TO EXTEND THE PERIOD OF TIME
## IN WHICH TO SUBSTITUTE PARTIES

NOW COMES the Plaintiff, through undersigned counsel, and files this MOTION TO EXTEND THE PERIOD OF TIME IN WHICH TO SUBSTITUTE PARTIES and says:

1. On January 21, 2021, counsel for Defendants filed a document titled, "Suggestion of Death. ECF 63. The case docket reveals that this document was never personally served on anyone.

2. Due to circumstances more fully set out in Plaintiff's RESPONSE TO ORDER TO SHOW CAUSE, filed herewith, counsel for Plaintiff was unaware that Defendants had filed a Suggestion of Death until he received this court's order dated April 22, 2021.

3. The Suggestion of Death was never personally served on the proper party to be substituted; therefore, the 90 period for described in F.R.C.P. 25(a) for filing a Motion to Substitute Party has never started to run. *Fariss v. Lynchburg Foundry*,

769 F.2d 958, 961 (4th Cir. 1985). Unless and until Defendants serve a proper party, no deadline for filing a Motion to Substitute Parties can be said to exist.

4. Since receiving the court's show cause order, undersigned counsel has been endeavoring to contact the decedent's family but has so far been unsuccessful. Counsel has undertaken efforts to contact the decedent's mother, as counsel does not believe that the family has started formal probate proceedings.

5. No prejudice will accrue to Defendants by the granting of this motion.

6. While Plaintiff respectfully suggests that deadline for filing a Motion o Substitute Parties can be said to exist unless and until Defendants serve a proper party with a Suggestion of Death, nevertheless, Plaintiff believes it to be in the interest of all concerned that this court establish a time frame in which to revisit the question of substitution of parties.

7. Plaintiff's counsel has conferred with counsel. No agreement has been reached.

WHEREFORE, Plaintiff requests that this court make the following findings:

A. That the failure of the Defendant to personally serve anyone with the Suggestion of Death filed on January 21, 2021 renders that filing a nullity; and,

B. That such filing did not trigger the 90-day time limitation set out in FRCP 25(a).

FURTHER, Plaintiff requests that the court set a date, not less than 120 days from its ruling on this motion, on which Plaintiff's counsel shall report the status of his attempts to clarify whether any formal estate proceeding will be undertaken on behalf of Plaintiff/Decedent, and the status of such probate matter.

Case 1:17-cv-03477-CCB   Document 68   Filed 05/12/21   Page 3 of 3

FURTHER, Plaintiff requests the court to allow the filing of a Motion to Substitute

Party in Mr. Kimbrough's place before the 120 days if counsel is able to identify a suitable

substitute in that period.


Respectfully submitted,


THE LAW OFFICE OF KEITH ALTMAN

By:   */s/ Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com


## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, 2021, I served the foregoing document
on Defendants *via* electronic filing:


/s/ *Keith L. Altman*
Keith L. Altman
A*ttorney for Plaintiff*